**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nationwide Mutual Fire Insurance Company,<br><br>    Plaintiff,<br><br>vs.<br><br>Jane Jones et al.,<br><br>    Defendants. | CV 09-291-PHX-NVW<br><br>**ORDER** |

Pending before the Court are Plaintiff Nationwide Mutual Fire Insurance Company's (Nationwide) Motion for Summary Judgment (doc. #26) and Defendant Kathleen Knapp's Cross Motion for Summary Judgment (doc. #33). Defendant Jessica Roberts and Nationwide have entered into a stipulation in which Roberts agreed to be bound by the Court's ruling in this action. (Doc. #15).

**I.     Undisputed Facts**

In 2006, Jane Jones, Kathleen Knapp, and Jessica Roberts worked in the Chandler-West branch of Chase Bank. That year, the bank met its third quarter financial goals and the bank manager decided to throw a "Campaign Party" for bank employees. Without being asked, Jones, who worked part-time at the bank, volunteered to have the party at her home. A flier distributed to bank employees announced that the Campaign Party was set for October 21, 2006, and that it was being held "because we finished last Campaign

at 109% and we're going to do it again!" The Bank did not pay for any of the expenses associated with the party.

The party was held on October 21, 2006, in Jones's residence, located at 13618 South 32nd Street, Phoenix, AZ 85044. Sometime during the course of the evening, Jones mentioned that she had recently purchased an all-terrain vehicle (ATV) and offered to allow her guests ride it. Jones moved the ATV to South 32nd Street, which is a public street, and her guests took turns riding the ATV on that street and around the cul-de-sac in front of her house.

Roberts and Knapp decided to ride the ATV together. Jones moved the ATV onto South 32nd Street for them. Roberts took the driver's seat and Knapp sat behind her. They took off on South 32nd Street, heading straight across the cul-de-sac. When they reached the far side of the cul-de-sac, Roberts turned hard and the ATV flipped. Roberts and Knapp both hit the pavement on South 32nd Street and were seriously injured.

On October 17, 2008, Knapp filed a complaint against Jones and Roberts in Arizona Superior Court for Maricopa County. She alleged that Roberts and Jones negligently caused the ATV accident. On October 20, 2008, Roberts also filed a Complaint against Jones in Arizona Superior Court for Maricopa County, in which she alleged that Jones was liable for her injuries.

At the time of the accident, the ATV was covered by a policy issued by AIG National Insurance Company (AIG). That policy provided Jones with liability coverage in the amount of $100,000 per person, $300,000 per accident. On October 20, 2008, AIG negotiated a "full and final release" and covenant not to execute with Knapp in favor of Jones. In exchange for the policy limit of $100,000, Knapp agreed to release Jones and AIG from liability for the accident and to not execute against Jones's personal assets.

Jones also had a homeowner's policy with Nationwide that was in effect at the time of the accident with a liability limit of $500,000. On November 7, 2008, Nationwide

agreed to provide Jones a defense under reservation of rights against the suits brought by Knapp and Roberts.

The Nationwide policy contains a motor vehicle exclusion, which provides in relevant part:

> Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage:
>
> * * *
>
> g) arising out of the ownership, maintenance or use of, or loading or unloading of; entrustment or the negligent supervision by an insured of; or statutorily imposed liability on an insured related to the use of:
>
> (1) an aircraft;
>
> (2) a motor vehicle or all other motorized land conveyance owned by or operated by, or rented or loaned to an insured.
>
> This exclusion 1.g) (2) does not apply to:
>
> > (a) a vehicle owned by an insured and designed for recreation off public roads while on an insured location.

The policy defines "insured location" as:

> a. the residence premises
>
> b. the part of any other premises, structures, and grounds used by you as a residence and shown in the policy; also any of these acquired by you during the policy period for your use as a residence.
>
> c. a premises you use with premises defined in 5. a) or 5. b)

The Nationwide policy also has a business pursuits exclusion, which provides in relevant part:

> Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to bodily injury or property damage:
>
> * * *
>
> c) arising out of business pursuits of an insured.
>
> This exclusion 1. c) does not apply to:
>
> (1) activities normally considered not business.
>
> (2) occasional part time self-employed business pursuits of an insured under the age of 19 years old (age 23 if a full time student)

- 3 -

(3) an office, school, studio, barber or beauty shop on the residence if noted on the Declarations.

(4) home care services provided by or at the direction of an insured on or from the residence premises if noted on the Declarations.

The policy defines the term "business" as:

"BUSINESS" includes trade, profession, occupation, or employment including self-employment, performed on a full-time, part-time, or temporary basis. Business also includes any occasional business pursuits of an insured, including ownership of rental property. It includes home car services regularly provided to a person or persons other than insureds or insureds' relatives, for which there is monetary or other compensation. A mutual exchange of home care services is not considered compensation. Exceptions if any are noted on the Declarations.

## II. Standard of Review

Summary judgment should be granted if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court presumes that the nonmoving party's evidence is true and draws all inferences from the evidence in favor of the nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. Where the record, taken as a whole, could not lead a rational trier of fact to find

for the nonmoving party, there is no genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III.    Analysis**

    **A.    Recreational Vehicle Exception**

Both Nationwide and Knapp have moved for summary judgment on the issue of whether the motor vehicle exclusion in the policy bars coverage. The parties do not dispute that the motor vehicle exclusion applies, but contest whether the exception to the motor vehicle exclusion requires Nationwide to afford coverage. The insurer has the burden of showing that a policy exclusion applies, but the insured has the burden to show that his claim falls within an exception to that exclusionary clause. *Hudnell v. Allstate Ins. Co.*, 190 Ariz. 52, 54, 945 P.2d 363, 365 (Ct. App. 1997). Thus, Knapp has the burden of showing that her claim falls within the exception to the motor vehicle exclusion.

The Nationwide policy provides that coverage does not apply to bodily injury or property damage arising out of the use of a motor vehicle except for "a vehicle owned by an insured and *designed for recreation off public roads while on an insured location*." (emphasis added). "Insured location" is defined, in relevant part, as "*a premises you use with the premises* defined in 5. a) or 5. b)," where 5. a) is defined as "the residence premises," and 5. b) is defined as "the part of any other premises, structures, and grounds used by you as a residence and shown in the policy; also any of these acquired by you during the policy period for your use as a residence." (emphasis added). Thus, Knapp is covered if the cul-de-sac where the accident occurred is "a premises" that was "use[d] with" Jones's home.

*Hudnell v. Allstate Insurance Company*, is directly on point. In *Hudnell*, the insured was test driving his all-purpose dirt bike after having made repairs to it on his driveway and collided with the plaintiff on an "unpaved, public street a short distance" from the insured's home. *Id*. at 53, 945 P.2d at 364. The plaintiff sued under the

- 5 -

insured's homeowner's policy which did not cover motor vehicles but contained an exception for "any motor vehicle *designed principally for recreational use off public roads*, unless that vehicle is owned by an insured person and is being used away from *an insured premises*." Id. at 54, 945 P.2d at 365 (emphasis added). The policy defined "insured premises" as "any premises *used by an insured person in connection with the residence premises*." *Id.* (emphasis added). "Residence premises" included only "the dwelling, other structures and land located at the address stated on the policy declarations." *Id.*

The dirt bike was found to be a "recreational vehicle designed principally for recreational use off public roads;" however, the public street where the accident occurred was found not to be a "premises used by an insured person in connection with the residence premises." *Id.* The language "premises used . . . in connection with the residence premises" did not categorically exclude public streets. *Id.* at 55, 945 P.2d at 366. However, the court explained that the purpose of a vehicle exclusion in a homeowner's policy was to require an insured to obtain specific liability insurance on motor vehicles except under the limited exceptions enumerated in the policy. *Id.* Because the policy expressly limited coverage to vehicles "not intended for use on public roads, " and the dirt bike was being used on a public road, the policy did not afford coverage. *Id.* at 56, 945 P.2d at 367. To find otherwise would have rendered the exception meaningless. *Id.*

The motor vehicle exclusion in Jones's policy is remarkably similar to the one in *Hudnell*. Knapp nevertheless argues that a different result is warranted. She contends that the regular use of and proximity to the insured residence determines whether the location in which an accident occurred is "used with" or "used in connection with" the premises, and that coverage is not barred merely because the accident occurred on a public street.

A number of out-of-state cases suggest that regular use and proximity to the residence generally determines whether a location is "used with" or "used in connection with" a premises. *See State Farm Fire & Cas. Co. v. MacDonald*, 2004 PA Super. 161, 850 A.2d 707 (Super. Ct. 2004) (regular use of field adjacent to residence was sufficient to satisfy use "in connection with" requirement in the homeowner's policy); *Nationwide Mut. Ins. Co. v. Prevatte*, 108 N.C. App. 152, 156-57, 423 S.E.2d 90, 92-93 (Ct. App. 1992) (regular use for walking and riding of a trail which began on the insured's property and ended in a neighbor's property was sufficient to satisfy "in connection with" requirement in the homeowner's policy); *Royal Indem. Co. v. King*, 512 F. Supp. 2d 117, 125-27 (D. Conn. 2007) (evidence of actual use of road for more than ingress and egress was required to satisfy the use "in connection with" requirement in the homeowner's policy); *Safeco Ins. Co. of Am. v. Clifford*, 896 F. Supp. 1032, 1036 (D. Or. 1995) (use "in connection with" requirement in homeowner's policy not satisfied where plaintiff failed to show that adjacent property was used "routinely in [a] manner connected with the insured property"); *Mason v. Allstate Ins. Co.*, 298 Ga. App. 308, 680 S.E.2d 168 (Ct. App. 2009) (use "in connection with" requirement in homeowner's policy not satisfied where accident occurred on a field located 15 miles from insured's home).

*Hudnell* is not to the contrary. The court in *Hudnell* approvingly explained that in other jurisdictions, "to determine if the insured premises included the injury site, the courts generally focused on the location of the accident, rather than whether it was a public area." *Hudnell*, 190 Ariz. at 55, 945 P.2d at 366. Moreover, the court explicitly stated that none of the out-of-state cases it had considered "denied coverage solely because the accident occurred on a public street, nor did they hold that premises 'used in connection with' residence premises could not include a public street." *Id.* Nevertheless, the court found that there was no coverage under the motor vehicle exclusion in the homeowner's policy because the accident occurred on a public street near the insured's home. *Id.* at 56, 945 P.2d at 367.

- 7 -

Knapp attempts to distinguish *Hudnell* on the ground that, whereas the plaintiff in *Hudnell* was struck "some distance" from the residence premises, the accident here occurred on the cul-de-sac next to Jones's house. *See id.* at 54, 945 P.2d at 365. Knapp also argues that Jones regularly used her cul-de-sac for personal purposes and for riding her ATV. Therefore, Knapp contends that she satisfies the regular use and proximity test used by other jurisdictions.

However, while *Hudnell* did not reject the regular use and proximity test, the court did not apply it to the facts presented in that case. The court did not focus upon the proximity of the site of the accident to the insured's home. At one point, the court stated that the plaintiff was injured "some distance from the 'residence premises.'" *Id.* However, later the court explained that the trial court had found that "[the insured] used a portion of the *adjoining street* . . . when he took the dirt bike for a test drive." *Id.* at 55, 945 P.2d at 366 (emphasis added). There is also no discussion in *Hudnell* concerning whether the insured regularly used the location where the accident occurred. *See id.*

What was decisive in *Hudnell* was that to require the insurer to afford coverage would have been antithetical to the purpose of the motor vehicle exclusion. An accident that occurred on a public street was not covered, not because the street was "public" in nature, but because "the purpose of a vehicle exclusion in a homeowner's policy is to require the insured to obtain specific liability insurance on motor vehicles except under the limited exceptions enumerated in the policy." *Id.* When a recreational vehicle not intended for use on public roads is used on a public street, the risk to the insurer is the same (or perhaps greater) than if an ordinary car were being insured. To require the insurer to cover a recreational vehicle that was being used on a public street would have "blur[red] the distinction between homeowner's and automobile insurance, and rendered the exception limiting coverage to vehicles not intended for use on public roads 'meaningless.'" *Id.* at 56, 945 P.2d at 367.

It is not surprising, therefore, that there appear to be no cases in which an accident occurred on a public road or on a private road accessible to the general public that have found coverage under a homeowner's policy with an exclusion similar to the one here. *See Nationwide Mut. Ins. Co. v. Gardner*, 79 Pa. D. & C.4th 150, 162-65 (C.C.P. Huntingdon County 2006) (used "in connection with" requirement not satisfied where ATV accident occurred on a public road because the policy intended to cover vehicles designed for recreation off public roads and in Pennsylvania it was unlawful to use such vehicles on public roads); *Ind. Ins. Co. v. Dreiman,* 804 N.E.2d 815, 818-21 (Ind. Ct. App. 2004) ("premises used by you in conjunction with" requirement not satisfied where the insured was riding a motorcycle on a public highway because the plain and ordinary meaning of the term premises does not encompass public roadways and because the policy excluded coverage for recreational vehicles intended for use off public roads); *Shelter Mut. Ins. Co. v. Davis,* No. 6-072/05-0456, 2006 WL 929239, at *6, 2006 Iowa App. LEXIS 327, at *17 (Iowa Ct. App. Apr. 12, 2006) (no coverage where policy limited coverage to vehicles "designed for recreational use off public roads" and street where accident occurred was privately owned but nonetheless accessible to the general public); *United Servs. Auto. Ass'n v. Parry*, 158 Ariz. 83, 84-85, 761 P.2d 157, 159-160 (Ct. App. 1988) (used "in connection with" requirement not satisfied where accident occurred on private road accessible to all members of a subdivision); *Prevatte*, 108 N.C. App. at 157, 423 S.E.2d at 93 (used "in connection with" requirement was satisfied where accident occurred on private trail in neighbor's property and distinguishing prior case that found no coverage for accident that occurred on a public road on the ground that a public road could not be considered an "insured location"); *Sheldon v. Zimmerman,* No. 246053*,* 2004 WL 1636575, at *1-2, 2004 Mich. App. LEXIS 1989, at *2-5 (Mich. Ct. App. Jul. 22, 2004) (no coverage where accident occurred on a public road a short distance from insured's property because the ordinary meaning of the term "premises," although not defined in the policy, excluded public roads).

The only cases that possibly suggest a different outcome are from Pennsylvania, but even those cases involved accidents that occurred on private paths not used by the general public. In *Farmers New Century Insurance Company v. Angerson*, No. 4:04-cv-2608, 2008 WL 238622, at *10-15, 2008 U.S. Dist. LEXIS 4463, at *27-41, (M.D. Pa. Jan. 22, 2008), the court found that the used "in connection with" requirement was satisfied where an ATV accident occurred on a wooded path near the main road about three-tenths of a mile from the insured's home. *Id*. The court, however, explicitly distinguished *Gardner*, where coverage was denied, explaining that in *Gardner* the accident had occurred on a public road whereas in *Angerson* the accident occurred "off the road." *Id*. The distinction was significant because *Gardner* concluded that the definition of insured location was not broad enough to encompass public roads, in part, because it was unlawful in Pennsylvania to operate an ATV on public roads not designated and posted as ATV roads. *Id*. In *Allstate Insurance Company v. Drumheller*, No. 05-2591, 2006 WL 1749423, at *5, 2006 U.S. App. LEXIS 16138, at *16, (3d Cir. Jun. 27, 2006), the use "in connection with" requirement was satisfied where the insured was operating an ATV on a trail located in a neighbor's property. The court held that "in connection with" meant the repeated use of the ATV emanating and returning to the insured's residence. *Id*. *Drumheller*, however, is distinguishable from the instant case because it involved a path located on private property and not a public road. Because the use of public roads was not at issue in these cases, requiring the insurer to provide coverage would not have risked transforming the homeowner's policy into a general automobile liability policy.

Knapp's contention that the accident on the public cul-de-sac in front of Jones's house should be covered cannot be squared with the case law. There is no persuasive distinction between the public cul-de-sac in front of Jones's house and an ordinary public street. Finding that the policy affords coverage would increase risk to Nationwide beyond that which it assumed when it issued the policy, and would appear to "blur[] the

- 10 -

1 distinction between homeowner's and automobile insurance." *See Hudnell*, 190 Ariz. at 56, 945 P.2d at 367. Therefore, the exception to the motor vehicle exclusion does not apply, and the policy does not afford coverage for the accident.

**B.     Business Pursuit Exclusion**

Both parties have moved for summary judgment on the issue of whether the business pursuits exclusion precludes coverage. Nationwide contends that the party held by Jones was a "business pursuit" because it was scheduled by the bank manager to reward bank employees for their satisfaction of the bank's third quarter financial goals and because the purpose of the party was to encourage bank employees to be productive. Nationwide additionally states, and Knapp contests, that the party was more "functional" than simply a group of coworkers having a party, that attendance to the party was not strictly voluntary because employees were strongly encouraged to attend, that prior to the party, Jones had never socialized with any employees of the Bank outside of bank hours, and that the bank manager gave a pep-talk during the party.

The business pursuits exclusion does not preclude coverage, even admitting Nationwide's additional facts as true. "'[B]usiness pursuits" denotes 'a continued or regular activity for the purpose of earning a livelihood such as a trade, profession, or occupation, or a commercial activity.'" *Indus. Indem. Co. v. Goettl*, 138 Ariz. 315, 318-19, 674 P.2d 869, 872-73 (Ct. App. 1983). Both regularity and the profit motive must be present for an activity to constitute a business pursuit. *See id.* Thus, in *Industrial Indemnity Company v. Goettl*, a man fell through the roof of a warehouse built and sold by the defendant, who had a homeowner's policy that included a business pursuits exclusion. *Id.* at 317, 674 P.2d at 871. Because the warehouse was an "integral part" of the operations of the business in which the defendant actively participated as a plant manager and vice-president, the policy's business pursuits exclusion applied. *Id.* at 319, 674 P.2d at 873. *See also Kepner v. Western Fire Ins. Co.,* 109 Ariz. 329, 330, 509 P.2d

- 11 -

1    222, 223 (1973) (business pursuit exclusion in homeowner's policy barred coverage
2    where carport was being enclosed for use as an office for pool service business).

3        By having the party, Jones was not engaging in a "continued or regular activity"
4    involving a business activity in her home.  According to Nationwide, Jones had never
5    before even socialized with her coworkers outside of bank hours.  For Jones, who
6    volunteered to have the party in her home, the party was an isolated occurrence and not a
7    regular activity.  Moreover, the profit motive, if present, was attenuated.  Jones was not
8    being paid to have the party in her home.  No one asked her to have the party in her home.
9    Even assuming that the bank manager gave a pep-talk at the party, and that bank
10   employees felt pressure to attend, the profit motive is weak, if at all present.

11       In a low premium homeowner policy, "certain risks are specifically excluded
12   because they are not embraced within the course of a homeowner's normal activities." *Id.*
13   at 330, 509 P.2d at 223.  Business activities are usually excluded from coverage because
14   they "present additional risks over and beyond the ordinary and usual hazards to be found
15   in the operation and maintenance of a home." *Id.*  Here, however, Jones did not incur in
16   any "additional risk over and beyond the ordinary and usual hazards" of maintaining a
17   home.  Nationwide does not contend that it did not assume the risk associated with Jones
18   having a social get-together at her house when it issued the policy.  There is no persuasive
19   distinction between the risk attendant to having a one-time party for neighbors and friends
20   and having a one-time party for co-workers.

21       Nationwide directs the Court's attention to *West American Insurance Company v.*
22   *California Mutual Insurance Company*, 195 Cal. App. 3d 240, 240 Cal. Rptr. 540 (Ct.
23   App. 1987).  In that case, the homeowner operated a cement and masonry business out of
24   his home, and his employees were required to come to the home every week to get their
25   paychecks.  *Id.* at 317-18, 240 Cal. Rptr. at 541.  Sometimes they would remain after
26   being paid and would play pool and drink beers.  *Id.*  The court ruled that the business
27   pursuits exclusion of the homeowner's policy barred coverage for an incident that

occurred while the employees were socializing after being paid. *Id.* at 324-25, 240 Cal. Rptr. at 545-46. In *Western American*, both regularity and the profit motive were present--the owner of the home and business ultimately profited from having his employees come regularly to his home to pick up their paychecks and socialize with each other. *See id.* Here, in contrast, Jones had a party for her coworkers on a single occasion, where the profit to her was tenuous, at best. The business pursuit exclusion therefore does not apply to bar coverage.

### C. Attorneys' Fees

Nationwide has asked the Court to assess attorneys' fees against Knapp. Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). The trial court has discretion in awarding attorneys' fees and can consider, among other factors: (1) the merits of the unsuccessful party's claim, (2) whether the successful party's efforts were completely superfluous in achieving the ultimate result, (3) whether assessing fees against the unsuccessful party would cause extreme hardship, (4) whether the successful party prevailed with respect to all relief sought, (5) whether the legal question presented was novel or had been previously adjudicated, and (6) whether a fee award would discourage other parties with tenable claims from litigating. *Assoc. Indemn. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1987); *see Valarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997) (applying the factors). No single factor can be determinative and the court is to weigh all of the factors in exercising its discretion. *Wilcox v. Waldman*, 154 Ariz. 532, 538, 744 P.2d 444, 450 (Ct. App. 1987).

Nationwide is the prevailing party in this action, but the factors weigh against awarding it attorneys' fees. Knapp had a colorable claim that the exclusion to the motor vehicle exception applied. While Nationwide's efforts were not superfluous in achieving the ultimate result, assessing fees against Knapp would likely cause substantial hardship,

- 13 -

especially in light of the damages she has already suffered as a result of the accident. Nationwide ultimately need not provide coverage under the policy or a defense to Jones, however, the legal questions presented were relatively novel in light of the facts.  Finally, assessing attorney's fees against an insured who has already suffered a substantial loss would tend to discourage other insureds with tenable claims from litigating.  Therefore, the Court will exercise its discretion to deny attorneys' fees to Nationwide.

IT IS THEREFORE ORDERED that Plaintiff Nationwide's Motion for Summary Judgment (doc. #26) is Granted to the extent provided herein.

IT IS FURTHER ORDERED that Defendant Knapp's Motion for Summary Judgment (doc. #33) is Denied to the extent provided herein.

Declaratory Judgment in favor of Plaintiff is entered by separate document.  The Clerk shall terminate this case.

DATED this 22nd day of February, 2010.

_____
Neil V. Wake
United States District Judge